In the Matter of the BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWNS OF BETHLEHEM, COEYMANS AND NEW SCOTLAND, ALBANY COUNTY, et al., Petitioners, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, Respondent.

Supreme Court, Special Term, Ulster County, June 28, 1955.

*Andrew Wright Lent* for petitioners.

*Charles A. Brind, Jr., John P. Jehu, Elizabeth M. Eastman* and *George B. Farrington* for respondent.

BOOKSTEIN, J. Central School District No. 1 of the Towns of Coeymans and New Scotland, Albany County, and New Baltimore, Greene County, was duly created, pursuant to the provisions of the Education Law in 1949, and has duly existed as such ever since.

Union Free School District No. 1 of the Towns of Bethlehem, Coeymans and New Scotland was duly created in 1947 by the consolidation of certain common school districts, and has duly existed as such, ever since.

By an order dated May 19, 1955, respondent laid out a proposed central school district out of the territory consisting of the aforesaid Central School District No. 1 and the territory of the aforesaid union free school district. In other words, respondent combined the territory of the already existing central school district aforesaid and the territory of the already existing union free school district, to create a *new* central school district.

Petitioners contend that respondent lacked the statutory power to make such an order.

Respondent's power and authority to lay out a central school district is conferred by section 1801 of the Education Law.

So far as pertinent, that section reads as follows: " 2. The commissioner is authorized and empowered to make and enter in his office orders laying out territory in *new* central school districts *or annexing to existing central school districts territory not contained* within a city school district ". (Italics supplied.)

Section 1801 is headed as follows: " *Formation and changes of central school districts* ".

The question here presented is whether the respondent is laying out a *new* central school district, i.e., forming one, *de novo,* or whether he is annexing territory to an already existing central school district.

It seems to me that the heading of the section in question, as well as its language, contemplates the laying out of territory which has never yet been in a central school district, to constitute a new central school district. Once such central school district has been created, respondent has exhausted his power to create or lay out a so-called new central school district by combining all of the territory of the already existing central school district with new territory. Section 1801 clearly contemplates that the existing central school district may be changed in territory by the annexation of additional territory. Such annexation does not create a new central school district. It causes the existing central school district to be different from what it was at the time of its creation by additional territory.

The order under review seeks to avoid the exercise of power to make an order for annexation by exercising a power to create a so-called new central school district out of combining the territory of an already existing central school district and the territory of another school district. This court is convinced that

section 1801 of the Education Law confers no such power on respondent.

The difference in procedure between creating a new central school district and annexing territory to an already existing central school district is highly significant.

Under sections 1802 and 1803, all of the voters in the territory laid out as a central school district vote at one meeting as to whether or not the central school district shall be created and a majority of such voters determine the question.

Under those same sections, where territory is to be annexed to an already existing school district, the voters of the central school district and the voters of the territory to be annexed conduct separate meetings. In order for the order for annexation to become effective, there must be a majority in favor thereof, both by the voters of the existing central school district and by the voters of the territory to be annexed, separately cast and counted.

By a combined vote, if the number of voters of the territory of a central school district is larger than the number of voters in a district sought to be annexed, the voters of a central school district could force the annexation of territory whose voters are unanimously against such annexation. Sections 1801, 1802 and 1803 of the Education Law carefully prevent such a result.

Here the procedure for annexation has been evaded by an attempt to create a so-called new central school district, which, if permissible, destroys the protection which the statute affords to voters of territory sought to be annexed.

This court concludes that the respondent was without power to make the order under review and the same is annulled.

Submit order.

All papers are retained for filing upon entry of the order herein.